UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNNSAY PARMENTIER,　　　　　　　　　　Case No. 24-10836

　　　　Plaintiff,　　　　　　　　　　　　　　　　F. Kay Behm
v.　　　　　　　　　　　　　　　　　　　　　United States District Judge

ZAKIYA SHAH,

　　　　Defendant.
_____/

**ORDER GRANTING DEFENDANT'S EMERGENCY MOTION TO VACATE (ECF No. 4)
AND GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 3)**

　　　　Plaintiff Lynnsay Parmentier initially filed this action in the Oakland County Circuit Court as a Petition for a Personal Protection Order (PPO) on March 15, 2024. (ECF No. 1, PageID.7). On April 1, 2024, Defendant Zakiya Shah, Plaintiff's supervisor at the United States Postal Service (USPS), removed this case to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. *Id.*, PageID.1. However, a hearing was still held in the Oakland County Circuit Court on April 2, 2024 before Judge Ulysses W. Boykin, who granted Plaintiff's request and issued a PPO. (ECF No. 4-5, PageID.118, "Personal Protection Order (nondomestic)"). As a result, Defendant filed two motions on April 4, 2024: a motion to dismiss this case for lack of subject matter

1

jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1) (ECF No. 3), and an emergency motion to vacate the PPO (ECF No. 4).  Plaintiff was ordered to file a response to these motions, and she did so on April 18, 2024.  (*See* ECF Nos. 5, 6).  Defendant filed a reply on April 25, 2024.  (ECF No. 7).  Pursuant to E.D. Mich. LR 7.1(f)(2), the court will decide this motion on the written pleadings alone.  For the reasons stated below, both of Defendant's motions are **GRANTED.**

**I.      FACTUAL BACKGROUND**

Plaintiff has been employed as a letter carrier with the USPS since 2015. (ECF No. 3, PageID.36).  In approximately 2022, Defendant became Plaintiff's direct supervisor.  *Id.*  As a supervisor, Defendant's duties include "observing, monitoring, and directing" the work of her subordinates, including Plaintiff.  *Id*. This includes "monitor[ing] [Plaintiff's] work at the Post Office and on [her] route" and "ensur[ing] [Plaintiff's] vehicle is properly loaded and that [she] is safely and efficiently delivering the mail on her route."  *Id.*, PageID.36-37, *see also* ECF No. 3-2, USPS Collective Bargaining Agreement.

Plaintiff applied for a PPO with the Oakland County Circuit Court against Defendant on March 15, 2024, seeking to specifically prohibit Defendant from:

> Stalking [her] as defined by MCL 750.411h and MCL 750.411i, which includes but is not limited to
> [] following [her] or appearing within [her] sight.

2

> [] appearing at [her] workplace or residence.
> [] approaching or confronting [her] in a public place or
> on private property.
> [] entering onto or remaining on property owned,
> leased, or occupied by [her].
> [] sending mail or other communications to [her].
> [] contacting [her] by telephone.
> …
> [] posting a message through the use of any medium of
> communication, including the internet or a computer or
> any electronic medium, pursuant to MCL 750.411s.
> …

(ECF No. 1, PageID.7). Plaintiff's PPO application describes nine specific incidents of Defendant's alleged stalking or threatening behavior ("incidents a-i"). *Id.*, PageID.11-13. "Incident a" occurred on or about December 30, 2022 while Plaintiff was driving on her mail route. *Id.*, PageID.11. Defendant allegedly "searched [her] work truck and personal items threatening [her] job" and "followed [her] around for a half hour threatening [her]." *Id.* "Incident b" occurred on or around July 22, 2023 while Plaintiff was at work. *Id.* Plaintiff alleges she called the police on Defendant for "yelling, invading [her] space and threatening [her.]" *Id.*; *see also* PageID.28. She further alleges that Defendant wanted her to leave the building, but Plaintiff was still scheduled to work for another hour. *Id.* "Incident c" occurred on or around February 13, 2024 while Plaintiff was driving to work, but was not yet on the clock. *Id.*, PageID.11-12. She

3

alleges that Defendant "followed [her] to work," "riding bumper so close shes [sic] almost in my back seat...smiling making faces at me." *Id.* "Incident d" occurred on or around February 3, 2024 while Plaintiff was at work. *Id.*, PageID.12. She alleges Defendant was "invading [her] personal space and harassing [] and following [her] around" and, as a result, she had to leave work early. *Id.* "Incident e" occurred on or around February 2, 2024 while Plaintiff was driving in Birmingham, Michigan. *Id.* Defendant allegedly drove in front of Plaintiff "brake checking...trying to cause accident [sic]...road rage truly trying to cause me to hit her car." *Id.* "Incident f" occurred on or around January 9, 2024 while Plaintiff was driving her mail route. *Id.* She alleges Defendant appeared on her route and was "in her jeep harassing [her] driving around the block harassing [her]." *Id.* "Incident g" occurred on or around November 6, 2023 while Plaintiff was driving to work, but was not yet on the clock. *Id*. She alleges that Defendant "gets in front of [her] driving on Lincoln, brake checks [her] and shes [sic] exhibiting road rage." *Id.* "Incident h" occurred on or around October 14, 2023 while Plaintiff was driving her mail route. *Id.*, PageID.13. Plaintiff alleges that Defendant was "off clock in her personal jeep following and harassing [her] while [she] worked." *Id.* Plaintiff claims she is "[a]fraid for [her] safety" because Defendant "pops up all the time even when she is off the clock and not in a

4

supervisor capacity." *Id*. Finally, "incident i" occurred on or around March 7, 2024 while Plaintiff was at work. *Id.* She alleges she reported Defendant for "antagonizing" her and for "following [her] into [the] bathroom harassing [her] at work," "taunting [her] while [she] cased [her] mail," and "lied and got [her] suspended from work." *Id.*

Oakland County Circuit Court Judge Boykin granted Plaintiff's request on April 2, 2024 and issued a PPO against Defendant. (ECF No. 4-5, PageID.118). The PPO prohibits Defendant from the following:

> [] stalking as defined by MCL 750.411h and MCL 750.411i, which includes but is not limited to
> > [] following or appearing within 50 feet of the petitioner.
> > [] appearing at the residence of the petitioner.
> > [] approaching or confronting the petitioner within 50 feet in a public place or on private property
> > [] entering onto or remaining on property owned, leased, or occupied by the petitioner.
> > [] sending mail or other communications to the petitioner.
> > [] contacting the petitioner by telephone.
> > [] placing an object or delivering an object to property owned, leased, or occupied by the petitioner.
> > [] threatening to kill or physically injure the petitioner
> > …
> > [] posting a message through the use of any medium of communication, including the internet

5

> or a computer or any electronic medium, pursuant to MCL 750.411s.

*Id.* The PPO is currently in effect until April 2, 2025. *Id.*, PageID.119.

## II. ANALYSIS

### A. Emergency Motion to Vacate (ECF No. 4)

Defendant's emergency motion to vacate (ECF No. 4) asks the court to vacate the PPO issued by Oakland County Judge Boykin, arguing the State court lacked jurisdiction over this case once Defendant removed it to Federal court. (ECF No. 4, PageID.64). Pursuant to 28 U.S.C. § 1446, "promptly after the filing of such notice of removal" a copy of that notice must be filed with the clerk of the relevant State court, "which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). This has the effect of removing the state court's jurisdiction over the case, and "being without jurisdiction, [any] subsequent proceedings and judgment [are] not…simply erroneous, but absolutely void." *Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 589 U.S. 57, 63-64 (2020) (citing *Kern v. Huidekoper*, 103 U.S. 485, 493 (1881)).

Defendant filed her notice of removal to the United States District Court for the Eastern District of Michigan on April 1, 2024. (*See* ECF No. 1). The Oakland

6

County Clerk received this notice and marked it as "FILED" on April 1, 2024 at 3:28 pm. (ECF No. 4-4, PageID.88). At that point, pursuant to 28 U.S.C. § 1446(d), the Oakland County Circuit Court lost all jurisdiction over this case. However, a hearing was still held the following day and Judge Boykin issued a PPO against Defendant. (ECF No. 4-5). Because the state court lacked jurisdiction to enter that order, it is now "absolutely void." *Roman Cath. Archdiocese of San Juan, Puerto Rico*, 589 U.S. 57 at 63-64. Defendant's emergency motion to vacate is **GRANTED.**

    B.    <u>Motion to Dismiss (ECF No. 3)</u>

In addition to asking the court to void the PPO, Defendant asks the court to dismiss this entire case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (ECF No. 3, PageID.36); *see Skidmore v. Access Grp., Inc.*, 149 F. Supp. 3d 807, 809 (E.D. Mich. 2015) (citing *O'Bryan v. Holy See*, 556 F.3d 361, 375 (6th Cir. 2009)) ("A claim of sovereign immunity challenges the court's subject matter jurisdiction and, as such, is properly raised under Federal Rule of Civil Procedure 12(b)(1)). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). This immunity extends to an agency's officers acting in their official capacity. *Muniz-Muniz v. United States Border Patrol*, 741 F.3d 668, 671 (6th Cir.

7

2013) (citing *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993)). A number of courts, both in this Circuit and across the country, have dismissed cases seeking to enter a protective order against an employee of a federal agency based on sovereign immunity. *See Hargrave v. Hollyfield*, No. 3:21-CV-266, 2022 WL 1174988, at *2 (S.D. Ohio Apr. 20, 2022) (finding USPS employee was immune from civil stalking protection order filed by her subordinate); *Tawfiq v. Dufresne*, No. 21-CV-10976, 2021 WL 6052343, at *6 (E.D. Mich. Nov. 30, 2021), *report and recommendation adopted*, No. 21-CV-10976, 2021 WL 6052193 (E.D. Mich. Dec. 21, 2021)) (finding that defendant, an employee of the U.S. Department of Veterans Affairs, is entitled to sovereign immunity from PPO filed by former subordinate); *Cui v. United States*, No. CV 22-470, 2022 WL 2664348, at *1 (E.D. La. July 9, 2022) (finding court lacked subject matter jurisdiction with respect to United States Veterans Administration employee's request for injunctive relief to prohibit his supervisors from contacting him); *Hendy v. Bello*, 555 F. App'x 224, 225-27 (4th Cir. 2014) (dismissing case filed by postal service employee against her supervisor, finding that "in prohibiting a federal employee from entering her federal workplace, waiving sovereign immunity would disturb the federal agency's internal functions.").

Here, Plaintiff's PPO application seeks injunctive relief against her supervisor at the USPS based, at least in part, on conduct that occurred while both individuals were at work.  (*See, e.g.*, ECF No. 1, PageID.11 ("She was intimidating me and angry. She wanted me to leave the building, but *I was still on the clock for another hour*.") (emphasis added); PageID.12 ("[Defendant] was invading my personal space and harassing me following me around. I had to leave work another supervisor approved me to go for my safety. I know [Defendant] was responsible for the behavior because [] she was there and *she was on the clock*.") (emphasis added); PageID.13 ("I reported her for following me into bathroom [sic] *harassing me at work*") (emphasis added).  Specifically, Plaintiff requests "zero contact with this woman" and ask the court to order "while at work…she cannot supervise me or contact me please allow another manager to carry out those duties." *Id.*, PageID.15.  This relief would effectively prohibit Defendant from conducting her duties as a supervisor, which includes interacting with and being in close proximity to Plaintiff.

As noted above, it is well-established that "the United States, as the sovereign is immune from suit unless Congress waives that immunity." *Hargrave*, 2022 WL 1174988 at *2.  Plaintiff has not pointed to any explicit waiver of sovereign immunity that would allow a lawsuit of this nature to proceed against

9

Defendant, an employee of the USPS. *See Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000) ("Reetz must identify a waiver of sovereign immunity to proceed against the United States."). Plaintiff's response suggests that Defendant has engaged in tortious conduct which, she argues, falls outside the scope of her employment. (ECF No. 6, PageID.121) ("Cutting people off and brake checking people exhibits examples of road rage so I don't understand how this qualifies as working within the scope of her employment."). While the Federal Tort Claims Act (FTCA) does waive sovereign immunity for tortious acts of federal employees acting in the scope of their federal employment, it applies only to suits seeking money damages. *Hendy*, 555 F. App'x at 226 (citing 28 U.S.C. § 1346(b)(1); 39 U.S.C. § 409(c)). Here, Plaintiff exclusively seeks the issuance of a PPO, so the FTCA's waiver is not applicable. *Id.* Additionally, while the Postal Reorganization Act of 1970 (PRA) creates a USPS-specific waiver of sovereign immunity, allowing it to "sue and be sued in its official name," this has been limited in the context of cases involving injunctive relief. *Id.* In *Hendy v. Bello*, the Fourth Circuit held that the PRA did not authorize suits for PPOs against the USPS, because it would be "inconsistent with the principle of federal supremacy to allow such interference with the performance of a federal employee's duties" and "would disturb the federal agency's internal functions," which "could not have been Congress's

intent." *Id.* This reasoning has been adopted in subsequent cases, and this court agrees with its holding. *See Grace v. Hughes*, No. 4:14-CV-1771 CEJ, 2014 WL 7333845, at *2 (E.D. Mo. Dec. 19, 2014) ("The court adopts the reasoning of *Hendy v. Bello* [] and finds that it lacks subject-matter jurisdiction on sovereign immunity grounds."). Because no waiver of sovereign immunity applies to the type of relief sought in this case, Defendant is immune from suit and this case must be dismissed for lack of subject matter jurisdiction.

Nevertheless, to the extent Plaintiff's petition for a PPO is seeking to address conduct outside the workplace, including claims that Defendant is following her outside of work hours, such claims would not be against Defendant in her capacity as a federal employee and thus would not implicate sovereign immunity. *See Perkins v. Dennis*, No. CV TDC-16-2865, 2017 WL 1194180, at *3 (D. Md. Mar 30, 2017); ECF No. 6, PageID.121 ("While it is true that both [Defendant] and myself are both employees of the U.S. Postal Service, [Defendant] was not acting within the scope of her employment in all of the incidents that were presented"). The court therefore remands any such claims to the Oakland County Circuit Court.

III.  **CONCLUSION**

For the reasons stated above, the PPO issued on April 2, 2024 is **VOID** and Defendant's emergency motion to vacate is **GRANTED.**  (ECF No. 4).  Additionally, because there is no explicit waiver of sovereign immunity, Defendant's motion to dismiss is **GRANTED** and this case is **DISMISSED** without prejudice for lack of subject matter jurisdiction.[1]  (ECF No. 3).  To the extent Plaintiff's application seeks a PPO based exclusively on conduct that occurred outside the workplace, and would only enjoin Defendant's actions outside of her employment, this case is **REMANDED** to the Oakland County Circuit Court for further proceedings consistent with this Order.  This is a final order and closes this case.

**SO ORDERED**.

Date: May 2, 2024                                s/F. Kay Behm
                                                 F. Kay Behm
                                                 United States District Judge

---

[1] Dismissal based on a lack of subject matter jurisdiction is typically without prejudice, "since by definition the court lacks power to reach the merits of the case." *Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011) (citing *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005)).